William J. Quinn, J.
Plaintiff is a domestic banking corporation in the City of Schenectady, and the named defendants are also residents of the City of Schenectady, and live at 305 Duane Avenue.
A summons and complaint was served containing two separate causes of action, which causes of action arise out of the execution of certain promissory notes dated December 7, 1955 and April 17, 1956, which said notes bear the names of Vincent Castelli and Filomena Castelli, the defendants herein.
The answer of the defendants contains a general denial of allegation No. 2 in the first cause of action and allegation No. 7 of the second cause of action. The second and the seventh *156 allegations in these two causes of action basically are allegations alleging that the defendant, Vincent Castelli, and the defendant, Filomena Castelli, made and delivered to the plaintiff these promissory notes executed at the time above stated.
In addition to the denials of the pertinent allegations of the complaint, the answer sets up as a distinct and separate defense “ that at all times mentioned the defendant, Vincent Castelli, did not make or deliver the alleged promissory notes, and that the signature on said notes was forged thereto by some person unknown to him ” and further as a separate defense “that at the times mentioned in the complaint the defendant, Filomena Castelli, was of unsound mind and incompetent to comprehend and understand and incapable of making any note' as alleged in the complaint ”.
This cause came on for trial before this court, without jury, on November 5,1959.
In order to reach a decision in this matter, we must first consider the bulk of the evidence presented by the plaintiff which consists of numerous exhibits basically consisting of all of the notes, applications and paper records of the bank. To show the genuineness of the signature of Filomena Castelli, a standard was introduced into evidence and the comparison was made complete. The witness called was a bank officer who has been so employed for many years and his qualification was undisputed. Further testimony elicited during the course of the trial indicated that the defendant, Vincent Castelli, recognized and admitted that the signature of Filomena Castelli, on the notes in question, was genuine.
The defendant, Filomena Castelli, did not testify at any time during this trial, since the doctor who was called to testify to the competency of the defendant, Filomena Castelli, did state that it would be harmful for Filomena Castelli to appear in court because of ‘1 marked tension and anxiety which she has experienced as a result of impending court procedures ”. It was the doctor’s further testimony that she suffers from a ‘ ‘ psychoneurosis ’ ’. The doctor further testified in testimony directed toward the defense of incompetency that she was ‘ ‘ tense, anxious and worried about this court trial for herself and her husband ”. He defined psychoneurosis at some length and stated that Filomena Castelli had been periodically under the care of various doctors for many years but at no time during the course of his testimony was he asked or did he answer a question of her competency and her ability to understand the nature of things, at the time the notes in question were executed. Testimony does show that at no time was there any adjudication *157 of inoompetency, but rather testimony does show that she fully understood the nature of her acts and did conduct, on most occasions, the financial business of both of the defendants. Therefore, the court finds that the defense of incompetency was not sustained by the proof which was introduced.
There seems to be no question of the execution of the notes which form the basis of these causes of action. Since Filomena Castelli did sign them and the defense of incompetency will not be allowed to stand, we are now free to turn to the next defense, alleged in the answer, of forgery of the signature of Vincent Castelli.
Following along a logical course, testimony, which is undisputed, that ‘ ‘ the signatures reading Vincent Castelli on Exhibit No. 1 and Exhibit No. 2 compare favorably and that they were written by the same person ” would indicate that if the genuineness of the signature of Filomena Castelli is proven or admitted, then it must necessarily follow that she placed thereon the signature of Vincent Castelli. The Negotiable Instruments Law states 11 where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.” (Negotiable Instruments Law, § 42.)
Now we must consider these questions of ratification, implication of authority, or benefit which may have been received which would indicate knowledge of all these transactions by the defendant, Vincent Castelli, either at the time of the execution of the notes or subsequent thereto indicating ratification or implica- . tion of authority. Testimony indicates that the defendant, Vincent Castelli, had full knowledge of certain contracting work going on about the premises in which he and his wife, the codefendant herein, were living. The significant point is not the fact that he knew that certain work was going on about the house but whether or not the knowledge is sufficient to constitute some ratification of the execution of the two notes by his wife, on the dates indicated thereon, or whether this knowledge did imply that he had granted authority for her to execute the said notes and did so, accepting the benefit derived from the proceeds of these loans. Nowhere in the proof offered is there anything to indicate that he was aware of the execution of these notes at the time they were executed. Testimony does indicate that they discussed the improvements to the home *158 and that the defendant, Vincent Castelli, inquired as to whether or not there was sufficient money and upon affirmation by the defendant, Filomena Castelli, that he was not to worry about the money, the improvements were commenced. Acceptance of the benefit of the improvements made to the home of the defendants without knowledge of the execution of the instrument cannot by any inference indicate a ratification of this unknown act or any implication of authority to the defendant, Filomena Castelli, subsequent to the act itself.
The only questions before this court are the questions raised by the pleadings. The complaint alleges the execution of two notes by the defendants, Filomena Castelli and Vincent Castelli, and the answer of a general denial of the pertinent allegations of the complaint and the separate defenses of forgery and incompetency. These are the only issues to be decided by this court.
I, therefore, hold that the notes in question were executed by Filomena Castelli and that she did place thereon the signature of her husband. That the separate defense of incompetency to act was not sustained by the proof offered herein. The defense of forgery, interposed by the defendant, Vincent Castelli, of his signature on the notes in question, has been sustained by the proof produced herein. Since the proof has failed to show that the defendant, Vincent Castelli, is precluded from setting up the defense of forgery, then this court finds the defense will stand. Judgment is hereby granted against the defendant, Filomena Castelli, for the amount demanded in the complaint plus costs. The action against Vincent Castelli is dismissed.